# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed:  July 11, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| MICHELLE WILTON, on Behalf of | * | |
| T.W., a minor, | * | |
| | * | No. 13-976V |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Decision on Proffer; Damages; |
| | * | Hepatitis A Vaccine; Necrosis in |
| Respondent. | * | Left Arm. |
| | * | |
| * * * * * * * * * * * * * | | |

Cary S. Macy, Huntington Beach, CA, for petitioner.
Ann Martin, United States Department of Justice, Washington, D.C., for respondent.

## DECISION AWARDING DAMAGES[1]

On December 11, 2013, Michelle Wilton ("petitioner"), on behalf of T.W., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that T.W. suffered from necrosis in his left arm as a result of his receipt of a Hepatitis A vaccination on January 21, 2011.  On April 30, 2014, a Ruling on Entitlement was issued based on respondent's concession.

On July 10, 2014, respondent filed a Proffer on Award of Compensation.  Respondent proffers that, based upon her review of the evidence of record, petitioner should be awarded

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006).  In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

$5,021.75 in addition to an amount sufficient to purchase an annuity contract as described in Proffer Section I.C.  Petitioner agrees with the amounts set forth in the Proffer.  See Notice, filed July 10, 2014.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.  Pursuant to the terms stated in the attached Proffer, the undersigned awards the following:

> **A lump sum payment of $1,021.75.00, in the form of a check payable to petitioner;**
>
> **A lump sum payment of $4,000.00, in the form of a check payable to petitioner as guardian/ conservator of T.W.'s estate;[3] and**
>
> **An amount sufficient to purchase the annuity contract described in the Proffer's Section I.C.**

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey<br>
Nora Beth Dorsey<br>
Special Master

---

[3] Pursuant to Proffer Section I.A., the lump sum of $4,000.00 "shall not be paid until petitioner provides respondent with documentation establishing that she has been appointed as guardian/ conservator of T.W.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/ conservator of the Estate of T.W., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/ conservator of the Estate of T.W. upon submission of written documentation of such appointment to the Secretary."

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                                                )
MICHELLE WILTON, on behalf of T.W.,   )
a minor,                                                         )
                                                                )
        Petitioner,                               )
                                                                )       No. 13-976V
    v.                                                        )       Special Master Dorsey
                                                                )       ECF
SECRETARY OF HEALTH AND            )
HUMAN SERVICES,                             )
                                                                )
        Respondent.                            )
_____)

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 11, 2013, Michelle Wilton ("petitioner"), filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-10 to -34. The petition was filed on behalf of petitioner's son, T.W., alleging that he suffered necrosis in his upper left arm following receipt of a Hepatitis A vaccination on January 21, 2011. Petitioner filed medical records and other documentation in support of her claim on or about February 11, 2014. The Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report on April 22, 2014, conceding that T.W. suffered fat necrosis in his left upper arm that was caused in fact by his Hepatitis A vaccination, and recommending that compensation be awarded. The Special Master issued a Ruling on Entitlement on April 30, 2014, consistent with the concession made in Respondent's Rule 4(c) Report. Respondent hereby submits the following proffer regarding the award of compensation. For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report and the Special Master's April 30, 2014, decision.

I.   **Items of Compensation and Form of the Award**[1]

   A.   Future Medical Care Expenses

Respondent proffers that based on the evidence of record, T.W. should be awarded a lump sum of $4,000.00 for projected unreimbursable medical care expenses incurred from the date of judgment, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A). The lump sum should be paid to Michelle Wilton, petitioner, as guardian/conservator of the Estate of T.W. The lump sum shall not be paid until petitioner provides respondent with documentation establishing that she has been appointed as guardian/conservator of T.W.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the Estate of T.W., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the Estate of T.W. upon submission of written documentation of such appointment to the Secretary. Petitioner agrees.

   B.   Lost Earnings

Respondent proffers that based upon the evidence of record, T.W. is not likely to suffer a loss of earnings as a result of his vaccine injury. Accordingly, T.W. should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Petitioner agrees.

   C.   Pain and Suffering

Respondent proffers that compensation for actual and projected pain and suffering, as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(4), should be provided to T.W. through respondent's purchase of an annuity contract in an amount sufficient to provide future payments to T.W. as follows:

---

[1] Should T.W. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

2

      (1) On January 17, 2027, a guaranteed lump sum payment of $24,250.00;

      (2) On January 17, 2028, a guaranteed lump sum payment of $24,250.00;

      (3) On January 17, 2029, a guaranteed lump sum payment of $24,250.00; and

      (4) On January 17, 2030, a guaranteed lump sum payment of $24,250.00.

The amount sufficient to purchase an annuity contract to provide lump sum payments to T.W. as described above will be paid to the life insurance company[2] from which the annuity contract will be purchased.[3]  Should T.W. predecease the remittance of the guaranteed lump sum payments set forth above, the remaining guaranteed payments shall be made to his estate.[4]  Petitioner agrees.

      D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to T.W.'s vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,021.75, made payable in a lump sum payment to Michelle Wilton, petitioner.  Petitioner agrees.

---

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[3] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[4] Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of T.W.'s death.

3

    E.    <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens related to T.W.'s vaccine-related injury.

**II.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump sum paid to petitioner, Michelle Wilton, as compensation for past unreimbursable medical expenses:   $1,021.75;

    B.    Lump sum paid to petitioner, Michelle Wilton, as guardian/conservator of T.W.'s estate:  $4,000.00; and

    C.    An amount sufficient to purchase the annuity contract described above in section I.C.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/ ANN D. MARTIN
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 307-1815

DATED:  July 10, 2014