# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: December 16, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| MICHELLE WILTON, on Behalf of | * | |
| T.W., a minor, | * | |
| | * | No. 13-976V |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Decision on Proffer; Damages; |
| | * | Hepatitis A Vaccine; Necrosis in |
| Respondent. | * | Left Arm. |
| | * | |
| * * * * * * * * * * * * * * | | |

Cary S. Macy, Huntington Beach, CA, for petitioner.
Ann Martin, United States Department of Justice, Washington, D.C., for respondent.

## DECISION AWARDING DAMAGES[1]

On December 11, 2013, Michelle Wilton ("petitioner"), on behalf of T.W., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] On July 11, 2014, the undersigned issued a decision that awarded compensation based on a proffer filed by the parties. Judgment entered on July 15, 2014. On December 10, 2014, the parties filed a Motion for Relief from Judgment ["Motion for Relief"] due to a requirement from the state court that was appointing Ms. Wilton (petitioner in this Vaccine Act claim) to be the guardian of the child, T.W.'s, estate, that the funds belonging or due to the minor are to be paid to both the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006). In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

guardian and to the depository. On December 15, 2014, the parties' Motion for Relief was granted, the July 11, 2014 decision was withdrawn, and the prior judgment was vacated.

Petitioner alleges that T.W. suffered from necrosis in his left arm as a result of his receipt of a Hepatitis A vaccination on January 21, 2011. On April 30, 2014, a Ruling on Entitlement was issued based on respondent's concession.

On July 10, 2014, respondent filed a Proffer on Award of Compensation. Respondent proffers that, based upon her review of the evidence of record, petitioner should be awarded $5,021.75 in addition to an amount sufficient to purchase an annuity contract as described in Proffer Section I.C. Petitioner agrees with the amounts set forth in the Proffer. See Notice, filed July 10, 2014.

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer, including the modification requested in the Motion for Relief. Pursuant to the terms stated in the attached Proffer, the undersigned awards the following:

- **A lump sum payment of $1,021.75, in the form of a check payable to petitioner;**

- **A lump sum payment of $4,000.00, in the form of a check payable to petitioner as guardian/ conservator of T.W.'s estate, and Chase Bank, as depository.[3]  The check shall bear a restricted endorsement on the face or reverse side of the check, and**

- **An amount sufficient to purchase the annuity contract described in the Proffer's Section I.C.**

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[4]

---

[3] Pursuant to Proffer Section I.A., the lump sum of $4,000.00 "shall not be paid until petitioner provides respondent with documentation establishing that she has been appointed as guardian/ conservator of T.W.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/ conservator of the Estate of T.W., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/ conservator of the Estate of T.W. upon submission of written documentation of such appointment to the Secretary."

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master
